**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 19 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

AARON DAVIS,

      Petitioner-Appellant,

v.

L.E. BRUCE, Warden, Ellsworth
Correctional Facility; CHARLES
SIMMONS, Secretary of Correction,

      Respondents-Appellees.

No. 97-3160
(D.C. No. 97-CV-3219)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

    [*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Davis is a state inmate and a pro se litigator. He appeals from the district court's denial of habeas relief and refusal to grant a certificate of appealability. We deny the certificate of appealability and dismiss the appeal.

Mr. Davis, a parole violator, filed a pro se complaint alleging the defendants violated his constitutional rights by their failure to convert his sentence under the Kansas Sentencing Guidelines. Because Mr. Davis alleged he was being confined illegally, the district court correctly treated his complaint as a request for habeas relief. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The court determined Mr. Davis failed to present his claims to the state courts and dismissed his complaint for failure to exhaust. *Id.*

Mr. Davis appeals this decision asserting a variety of arguments. Basically, his arguments swirl about his claim that the Kansas authorities have misapplied state law. Giving his appeal the benefit of a liberal reading, Mr. Davis argues the district court's decision denied him equal protection of the law. We review de novo a district court's dismissal of a petition for a writ of habeas corpus on legal grounds. *See Davis v. Executive Dir., Dep't of Corrections*, 100 F.3d 750, 756 (10th Cir. 1996), *cert. denied*, 117 S. Ct. 828 (1997). But first we must decide whether to issue a certificate of appealability pursuant to 28 U.S.C. § 2253. Such

a certificate may only be issued upon a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Mr. Davis has not met this standard.

Mr. Davis misperceives the law and his claims on appeal lack merit. Mr. Davis fails to realize the federal courts will not consider his claims until he has exhausted them in state court. *See* 28 U.S.C. § 2254(b)(1)(A). Mr. Davis sets forth no reasons requiring this court to invoke an exception to the rule requiring exhaustion.

We deny the certificate of appealability and dismiss the appeal for substantially the same reasons set forth by the district court in its order, a copy being attached hereto.

The mandate shall issue forthwith.

                                        **Entered for the Court**

                                        **WADE BRORBY**
                                        United States Circuit Judge